NOT FOR PUBLICATION                                   (Docket Nos. 5, 10)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____  :
                                     :
DEBORAH ANN WHITTINGHAM,              :
                                     :
            Plaintiff,               :   Civil No. 06-3016 (RBK)
     v.                              :
                                     :   **OPINION**
MORTGAGE ELECTRONIC                  :
REGISTRATION SERVICES, INC.,         :
et al.                               :
                                     :
            Defendants.              :
_____  :

**KUGLER**, United States District Judge:

    This matter comes before the Court on two motions, one by Defendant Mortgage Electronic Registration Services, Inc. ("MERS") and Defendant HSBC Mortgage Services, Inc. ("HSBC"), and one by Defendant Zucker, Goldberg & Ackerman, LLC ("Zucker") to dismiss all or part of Plaintiff Deborah Ann Whittingham's ("Plaintiff") complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court denies in part and grants in part Defendants MERS's and HSBC's motion to dismiss and denies in part and grants in part Defendant Zucker's motion to dismiss.

**I.   Background**

    Plaintiff owns a residential property located at 825

Boundary Road in Woodbury Heights, New Jersey.  Defendant MERS held a mortgage on the property located at 825 Boundary Road in Woodbury Heights.  Defendant HSBC Mortgage Services ("HSBC") serviced the mortgage held by MERS, and Defendant Zucker represented MERS and HSBC in the foreclosure proceedings on the 825 Boundary Road property.

On or about June 30, 2005, HSBC and MERS initiated foreclosure proceedings against Plaintiff.  Plaintiff then requested a payoff amount from HSBC and MERS, to which HSBC responded on June 27, 2005 that Plaintiff's payoff balance was $17,997.86. Plaintiff alleges that this total is comprised of a principal balance of $14,411.77, interest of $1,352.59, unpaid fees of $2,193.50, and a recording fee of $40. On July 8, 2005, Plaintiff remitted the balance in full.

On July 7, 2006, Plaintiff filed a complaint in the United States District Court for the District of New Jersey, alleging that MERS, HSBC, and Zucker "engaged in a uniform scheme and course of conduct to inflate their profits by charging and collecting various fees not authorized by the loan documents or applicable law."  Specifically, Plaintiff alleges the following counts: (1) HSBC and Zucker violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq, and the New Jersey Consumer Fraud Act, N.J.S.A. §§ 56:8-1-20, by attempting to collect amounts not permitted by law and by using unfair and

unconscionable collection methods; (2) MERS and HSBC breached their contract with Plaintiff; (3) MERS, HSBC, and Zucker engaged in intentional misrepresentation concerning Defendants' right to collect various fees; (4) MERS, Zucker and HSBC were negligent with respect to Plaintiff; (5) MERS, HSBC, and Zucker breached the duty of good faith and fair dealing with respect to their contractual relations with Plaintiff; (6) MERS, Zucker, and HSBC collected money not due and owing to them under applicable law, and this conduct unjustly enriched Defendants; (7) MERS's, Zucker's, and HSBC's acts and practices constitute unfair and deceptive acts or practices in or affecting commerce in violation of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a), which also constitutes a violation of the New Jersey Consumer Fraud Act; (8) MERS, Zucker, and HSBC used false, deceptive, or misleading representations or means, in violation of 15 U.S.C. § 1692e, to collect debts in default, which also constitutes a violation of the New Jersey Consumer Fraud Act; (9) MERS, Zucker and HSBC used unfair or unconscionable means to collect or to attempt to collect debts; and (10) MERS, Zucker, and HSBC charged for costs and attorneys fees in excess of the amount allowed under New Jersey's Fair Foreclosure Act and New Jersey Court Rules.[1]

---

[1] Plaintiff frames her complaint in terms of a class action. However, to date, Plaintiff has not formally moved for class certification pursuant to Federal Rule of Civil Procedure

On October 3, 2006, Zucker moved to dismiss Plaintiff's complaint. On November 28, 2006, MERS and HSBC moved to dismiss Plaintiff's complaint. Plaintiff opposes both motions.

**II. Standard**

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept Plaintiff's allegations along with all reasonable inferences that may be drawn from them, as true. Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) (citing Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994)). The Court may dismiss the Complaint only if Plaintiff can prove no set of facts that would entitle them to relief. Burstein v. Retirement Account Plan for Employees of Allegheny Health Educ. & Research Found., 334 F.3d 365, 374 (3d Cir. 2003) (citation omitted).

**III. Zucker's Motion**

Zucker moves to dismiss all of Plaintiff's counts pursuant to Federal Rule of Civil Procedure 12(b)(6).

A.   Fair Debt Collections Practices Act

Zucker moves to dismiss counts I, VIII, IX and X of Plaintiff's complaint, which allege that Zucker violated the Fair

---

23. Therefore, the Court addresses the instant motions as though Plaintiff is the only Plaintiff in this action, rather than a class representative.
    In addition, count XIV of Plaintiff's complaint is a "notice of class action." Class actions are not substantive in nature, but rather procedural. Therefore, the Court dismisses Count XIV of Plaintiff's complaint.

4

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(d) et seq. Specifically, Zucker argues that Plaintiff failed to file her complaint within the FDCPA's one-year statute of limitations. To support this argument, Zucker points to Plaintiff's payoff letter, dated June 27, 2005.  Zucker states that because Plaintiff did not file her complaint until July 5, 2006, her complaint is out of time, and dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is proper. Plaintiff counters that the statute began to run when Plaintiff paid the debt on July 8, 2005, and therefore her complaint was timely.

> The FDCPA provides, in pertinent part
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).  The FDCPA further provides, "An action to enforce any liability created by this [statute] may be brought in any appropriate United States district court . . . within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d).

Congress enacted the FDCPA to provide "a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." Piper v. Portnoff

Law Assocs. Ltd., 396 F.3d 227, 232 (3d Cir. 2005) (citing Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 400 (3d Cir. 2000)). The "threshold requirement of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'" Piper, 396 F.3d at 232 (citing Pollice, 225 F.3d at 400)); see also 15 U.S.C. §§ 1692e-f. The FDCPA defines "debt" as "any obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). "The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

Accordingly, courts construe either the attempt to collect a debt using prohibited practices, or the actual collection of an amount greater than the amount actually owed by the consumer as violations of the FDCPA.  See, e.g., Piper, 396 F.3d at 233 (finding that letters demanding payment in full for the amount due from consumer plaintiffs to satisfy their water/sewer services obligation to the municipality were within the scope of the FDCPA); Sponaugle v. First Union Mortg. Corp., 40 F. A'ppx 715, 717 (3d Cir. 2002) ("The conduct prohibited under the FDCPA includes 'The collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or

permitted by law.'") (quoting 15 U.S.C. § 1692f(1)).

The Court finds that because the statute has a one-year statute of limitations, that allegations in Plaintiff's complaint that the mortgage payoff letter constitutes a violation of the FDCPA are not timely.[2] However, Plaintiff's allegations that the actual payment of the debt constituted a violation of the FDCPA are timely. Therefore, the Court grants Zucker's motion to dismiss with regard to Count VIII of Plaintiff's complaint, as it alleges violation of 15 U.S.C. §§ 1692e(2)(A) and (B), which prohibit "false and misleading representations" by a debt collector in an attempt to collect a debt.[3]

The Court denies Zucker's motion to dismiss Counts I and X. Count I alleges that Defendants violated the FDCPA upon collection of the payoff balance from Plaintiff.  Count X provides for civil penalties for the alleged violation of the FDCPA.

B.   Duty of Good Faith and Fair Dealing

Zucker argues that Plaintiff did not enter a contract with Zucker, therefore Zucker "could not possibly have violated the

---

[2] The Court does not decide whether the payoff letter is an attempt to collect a debt as contemplated by the FDCPA.

[3] Moreover, the Court grants Zucker's motion to dismiss with regard to Count IX, as it alleges a violation of 15 U.S.C. § 1692f(1), which is an exact duplicate of the allegation contained in Count I. Count I also alleges a violation of 15 U.S.C. § 1692f(1).

duty of good faith and fair dealing as to Plaintiff." Specifically, Zucker argues that only parties to a contract are bound by the duty of good faith and fair dealing. Plaintiff counters that in New Jersey, "an attorney may be liable to a third party for misrepresentations," notwithstanding a direct contractual relationship.

In Petrillo v. Bachenberg, 655 A.2d 1354 (N.J. 1995), the New Jersey Supreme Court "recognized that there are circumstances in which an attorney may owe a duty to a third party with whom the attorney does not have a contractual relationship." Banco Popular N. Am. v. Gandi, 876 A.2d 253, 264 (N.J. 2005) (citing Petrillo, 655 A.2d at 1360).  Invoking the Restatement of the Law Governing Lawyers, the Petrillo court elaborated that "attorneys may owe a duty of care to non-clients when the attorneys know, or should know, that non-clients will rely on the attorneys['] representations and the non-clients are not too remote from the attorneys to be entitled to protection. Petrillo, 655 A.2d at 1359. More specifically, if the attorneys intend their actions "to induce a specific non-clients['] reasonable reliance on [the attorneys'] representations, then there is a relationship between the attorney and the third party. [Conversely], if the attorney does absolutely nothing to induce reasonable reliance by a third party, there is no relationship to substitute for the privity requirement."  Gandi, 876 A.2d at 265.

In <u>Petrillo</u>, the court found that the defendant attorney owed a duty to the plaintiff, a non-client. 655 A.2d at 1361. The plaintiff purchased property after relying on misleading reports provided by the seller's attorney. <u>Id.</u> at 1355-56. In this report, the defendant attorney stated that inspectors administered eight percolation tests on the subject property, two of which succeeded. <u>Id.</u> at 1355. In fact, inspectors performed thirty tests, only two of which succeeded. <u>Id.</u> The court concluded that "by compositing the report, the attorney effectively made a representation to the plaintiff 'to provide reliable information regarding the percolation tests' and should have foreseen that the plaintiff would rely on the total number of tests when making the decision whether to sign the contract." <u>Gandi</u>, 876 A.2d at 264 (quoting <u>Petrillo</u>, 655 A.2d at 1361).

Applying these principles to the facts at issue, Plaintiff sufficiently pled a cause of action for breach of the duty of good faith and fair dealing by Defendant Zucker. Here, Plaintiff alleges that she "relied on . . . Zucker's . . . false representations concerning [Defendants'] entitlement to collect" the fees represented in the payoff letter. (Pl.'s Compl. ¶ 28.) Therefore, Plaintiff adequately stated a cause of action for the breach of the duty of good faith and fair dealing against Zucker, and Zucker's motion to dismiss on Count V is denied.

    C.   <u>New Jersey's Consumer Fraud Act</u>

9

Zucker moves to dismiss Counts VII and XIII of Plaintiff's complaint, alleging that New Jersey's Consumer Fraud Act does not apply to professionals, such as attorneys. In her brief opposing Zucker's motion, Plaintiff stipulates that she did not intend to allege that Zucker violated the New Jersey Consumer Fraud Act, and that her complaint was erroneous in that regard.

Therefore, the Court grants Zucker's motion to dismiss Counts VII and XIII as they pertain to Zucker.

D. Intentional Misrepresentation

Zucker moves to dismiss Count III[4] of Plaintiff's complaint with regard to Zucker because Plaintiff failed to plead "intentional misrepresentation" with specificity as required by Federal Rule of Civil Procedure 9(b).[5]

The Court construes a claim of "intentional misrepresentation" as one for fraud. See Jewish Ctr. of Sussex County v. Whale, 432 A.2d 521, 524 (N.J. 1981). Under New Jersey law, the five elements of fraud are: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an

---

[4] In their brief supporting the instant motion, Zucker moves to dismiss "Count IV" because "Plaintiff failed to plead 'Intentional Misrepresentation' with sufficient specificity." However, Plaintiff alleges intentional misrepresentation in Count III.

[5] Zucker alleges Plaintiff's complaint did not comply with Federal Rule of Civil Procedure. 9(d). In fact, the Rule dealing with the pleading requirements for fraud is Rule 9(b).

10

intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Gennari v. Weichert Co. Realtors, 691 A.2d 350, 367 (N.J. 1997).

With regard to pleading a claim for fraud, Federal Rule of Civil Procedure requires that, "In all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b).  The Third Circuit stated that, "to satisfy Rule 9(b), plaintiffs must plead with particularity the circumstances of the alleged fraud by pleading the date, place or time of the fraud, or through alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Lum v. Bank of Am., 361 F.3d 217, 223-24 (3d Cir. 2004) (internal quotations omitted). More succinctly, courts interpret this to mean that "the plaintiff should plead the date, place or time of the fraud, and allege with specificity who made the relevant misrepresentations. Id. at 224.

Plaintiff in this case failed to meet these requirements of Rule 9(b).  Specifically, Plaintiff fails to state who allegedly made the misrepresentations.  Rather, Plaintiff speaks amorphously of MERS, HSBC and Zucker making the alleged misrepresentations.  Such imprecise pleading is not adequate under the heightened pleading requirements of Rule 9(b). Therefore, the Court grants Zucker's motion to dismiss Count III

of Plaintiff's complaint.

    E.   Negligence

Zucker moves to dismiss Count IV of Plaintiff's complaint by arguing that Zucker, as attorney representing HSBC in the foreclosure proceeding, owed no duty to Plaintiff, the adverse party.  Accordingly, Zucker argues that the Court cannot find Zucker liable for negligence.

As stated in section III.B., supra, attorneys are generally not liable to third parties for the consequences of their actions because of privity requirements.  However, New Jersey law recognizes some limited situations in which an attorney can be held liable to non-client third parties.  This analysis regarding duty to a non-client is the same as the analysis the Court performed in section III.B., supra, where the Court denied Zucker's motion to dismiss Plaintiff's claim of the breach of the duty of good faith and fair dealing.  Accordingly, the Court denies Zucker's motion to dismiss Count IV.

    F.   New Jersey's Fair Foreclosure Act

Zucker moves to dismiss Count XI of Plaintiff's complaint, which alleges that Defendants violated New Jersey's Fair Foreclosure Act ("FFA"), N.J.S.A. § 2A:50-53 et seq.  Specifically, Plaintiff alleges that Defendants violated N.J.S.A. § 2A:50-57(b)(3) by charging attorneys fees and costs in excess of those permitted by New Jersey Court Rules.

The policy behind the FFA is that "homeowners should be given every opportunity to pay their home mortgages, and thus keep their homes . . . ." N.J.S.A. § 2A:50-53.  To that end, the FFA creates a variety of procedures by which a debtor can cure a default on a mortgage, including a provision that "limits the amount of attorneys' fees to be paid by a mortgagor who is curing a mortgage default to 'the amount permitted under the Rules Governing the Courts of the State of New Jersey.'" In re Lipscomb, No. 05-18722, 2006 WL 4452988, *5 (Bankr. D.N.J. 2006) (citing N.J.S.A. § 2A:50-57). The FFA is essentially a notice provision, which provides specific guidance to residential mortgage lenders on the steps necessary to foreclose.  N.J.S.A. § 2A:50-56.

Plaintiff alleges that Defendants violated the attorney's fees provision of the FFA by including unreasonable and unallowable counsel fees in the payoff balance, which Plaintiff paid.  As a remedy, Plaintiff demands reimbursement of the excess counsel fees from Zucker. The Court finds that the FFA does not provide such a remedy to Plaintiff.  The statutory language is silent as to reimbursement of fees in this manner, and plaintiff cites no case law to support her contention that the FFA provides a private right of action.  Therefore, the Court grants Zucker's motion to dismiss with regard to Count XI.

    G.   Violation of New Jersey Court Rules

Plaintiff alleges that Zucker violated New Jersey Court Rules 4:42-9(a)(4) and 4:42-10(a), and demands the return of excess charges, with interest.  However, the New Jersey Court Rules are procedural in nature, and provide no independent cause of action whereby a plaintiff can pursue a remedy for a violation of the rules.  Therefore, the Court grants Zucker's motion to dismiss Count XII.

### H.   Unjust Enrichment

Plaintiff alleges that Defendants "collected monies not due and owing under applicable contract law," and that this conduct unjustly enriched Defendants.  Zucker argues that Plaintiff never conferred a benefit on Zucker for which Plaintiff expected remuneration, and therefore Zucker argues that the Court should dismiss Count VI of Plaintiff's complaint. The crux of Zucker's argument for dismissal of this count is that there was "never any contractual or quasi-contractual relationship between Plaintiff and Zucker that might trigger an unjust enrichment claim."

Under New Jersey law, there are two basic elements to a claim for unjust enrichment.  First, the plaintiff must demonstrate "both that defendant received a benefit and that retention of that benefit without payment would be unjust." VRG Corp. v. GKN Realty Corp., 641 A.2d 519, 526 (N.J. 1994). To establish the injustice, the plaintiff must further demonstrate "that it expected remuneration from the defendant at the time it

performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." Id.

As stated by the Third Circuit, "the essence of the doctrine of unjust enrichment is that there is no direct relationship between the parties." Benefit Trust Life Ins. Co. v. Union Nat'l Bank, 776 F.2d 1174, 1177 (3d Cir. 1985).[6] Therefore, Zucker's argument regarding no direct contractual or even quasi-contractual relationship is misplaced. Plaintiff alleges that she overpaid Zucker for counsel fees for work Zucker allegedly performed in the foreclosure proceeding on her property. Assuming Plaintiff's allegations are true, as required by the standard on a motion to dismiss, this is sufficient to state a claim for unjust enrichment, because Plaintiff alleges she paid Zucker, albeit indirectly, fees above what the contract entitled Zucker to receive. That is the essence of an unjust enrichment claim. For this reason, the Court denies Zucker's motion to dismiss Count VI.

I.   Class Action

Finally, Zucker moves to dismiss Count XIV of Plaintiff's complaint, which is a notice of class action. As discussed in note 1, supra, the Court grants Zucker's motion to dismiss count

---

[6]   The Court notes that this case deals with Pennsylvania law. However, the doctrine of unjust enrichment im Pennsylvania is substantially similar to the law in New Jersey.

XIV.

### IV. MERS's and HSBC's Motion to Dismiss

Defendants MERS and HSBC move to dismiss certain counts in Plaintiff's complaint, including Counts I, VIII, IX, and X which allege violations of the FDCPA; Counts XI and XII, which allege violations of the FFA and New Jersey Court Rules, respectively; and Count XIII, which alleges a violation of the New Jersey Consumer Fraud Act.

#### A. Fair Debt Collections Practices Act

MERS and HSBC move to dismiss all the counts in Plaintiff's complaint that allege violations of the FDCPA. Primarily, MERS and HSBC argue that they are not "debt collectors" as defined by the statute. Alternatively, MERS and HSBC argue that the statute of limitations expired.

The FDCPA defines a "debt collector" as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term "debt collector" does not include:

> [A]ny person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated by such person [or] (iii) concerns a debt which was not in default at the time it was obtained by such person.

15 U.S.C. § 1692a(6)(G). Importantly, the legislative history of the FDCPA demonstrates that the term "debt collectors" does not encompass a mortgage servicing company. Perry v. Stewart Title

16

Co., 756 F.2d 1197, 1208 (5th Cir. 1985) (citing S. REP. NO. 95-382, at 3 (1977)); see also Dawson v. Dovenmuehle Mortgage, Inc., No. 00-6171, 2002 WL 501499, at *5 (E.D. Pa. Apr. 3, 2002) ("A loan servicer, someone who services but does not own the debt, is not a 'debt collector' if the servicer begins servicing of the loan before default. . . . [T]he statute applies to a mortgage servicing company only where the mortgage at issue was already in default at the time when servicing began.").

With regard to MERS, the mortgage holder, Plaintiff fails to allege sufficient facts to bring MERS within the statute's definition of a "debt collector." Plaintiff does not allege that MERS collects or attempts to collect debts owed to another. Nor does Plaintiff allege that the loan was in default that the time MERS acquired it.

With regard to HSBC, the mortgage servicing company, Plaintiff failed to allege in her complaint that the mortgage was in default at the time HSBC began servicing the loan.[7] Therefore, HSBC is not a debt collector, and the FDCPA is inapplicable. Therefore, the Court grants MERS's and HSBC's motion to dismiss counts I, VIII, IX, and X as they pertain to MERS and HSBC.

### B.   FFA and New Jersey Court Rules

As discussed in sections III.F. and III.G., supra, neither

---

[7] Moreover, HSBC notes in its brief supporting its motion to dismiss that HSBC began servicing the mortgage before Plaintiff defaulted.

17

the FFA nor the New Jersey Court Rules provide a private right of action. For that reason, the Court grants MERS's and HSBC's motion to dismiss Counts XI and XII with regard to MERS and HSBC.

C.   New Jersey Consumer Fraud Act

MERS and HSBC move to dismiss Count XIII of Plaintiff's complaint, which alleges that by charging and receiving illegal or excessive charges, Defendants engaged in unconscionable business practices in violation of the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. §§ 56:8-1-20.

The CFA provides, in pertinent part

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice . . . .

N.J.S.A. § 56:8-2 (emphasis added). Courts hold that this provision is disjunctive in nature; therefore, to allege a violation of the CFA, a plaintiff need only allege "either an unconscionable commercial practice, or fraud, or deception . . . in connection with sale or advertisement of [merchandise or real estate] . . . to demonstrate statutory violation. Hyland v. Aquarian Age 2,000, Inc., 372 A.2d 370, 372 (N.J. Super. Ch. 1977).

Plaintiff alleges "unconscionable conduct" and "fraud" in her complaint.  Moreover, Plaintiff alleges that this conduct was in connection with MERS's and HSBC's subsequent performance of the contract related to the mortgage (i.e., sale of real estate). See Weiss v. First Unum Life Ins. Co., No. 05-5428, 2007 U.S. App. LEXIS 7613, at *34 (3d Cir. Apr. 3, 2007) ("CFA covers fraud both in the initial sale (where the seller never intends to pay), and fraud in the subsequent performance (where the seller at some point elects not to fulfill its obligations)."). Therefore, the Court finds that Plaintiff adequately stated a cause of action under the CFA, and the Court accordingly denies MERS's and HSBC's motion to dismiss count XIII.

**IV. Conclusion**

With regard to Zucker's motion to dismiss, the Court grants Zucker's motion on counts I, III, VII, IX, X, XI, XII, XIII, and XIV.  The Court denies Zucker's motion with regard to counts IV, V, VI, VIII.

With regard to Defendants MERS and HSBC, the Court grants their motion on counts I, VIII, IX, X, XI, and XII.  The Court denies their motion on count XIII.

Dated: 5/4/2007                    s/Robert B. Kugler
                                   ROBERT B. KUGLER
                                   United States District Judge